UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY PAPERNO, et al., | Case No. 3:23-cv-05114-RFL |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| WHIRLPOOL CORPORATION, | Judge:    Hon. Rita F. Lin |
| Defendant. | |

Before the Court is the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, including the parties' Settlement Agreement and Release (the "Settlement Agreement") and all exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Settlement Agreement, as well as the files and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has conducted an evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Fed. R. Civ. P. 23(e) for settlement purposes only. The Court further finds that: (i) there is good cause to believe that the

1  settlement is fair, reasonable, and adequate, (ii) the Named Plaintiffs and Plaintiffs' Counsel have
2  adequately represented the Classes; (iii) the Settlement Agreement has been negotiated at arm's
3  length between experienced attorneys familiar with the legal and factual issues of this case and was
4  reached with the assistance of mediator Hunter R. Hughes III, (iv) the relief provided for the
5  Settlement Class is adequate; and (v) the Settlement Agreement warrants notice of its material terms
6  to the Settlement Class Members for their consideration and reaction. Therefore, the Court GRANTS
7  preliminary approval of the Settlement Agreement.

        3.      The Court finds that it will likely be able to certify the Settlement Class for purposes of settlement only after the Final Approval Hearing. The Court preliminarily finds that the class action prerequisites of Fed. R. Civ. P. 23(a) have been satisfied. Specifically, the Court preliminarily finds that: (i) the Settlement Class is so numerous that joinder would be impractical, (ii) common questions of law and fact exist as to the class, (iii) the claims or defenses of the representative parties, Named Plaintiffs Nancy Paperno and Robert Gibbany, are typical of the claims or defenses of the class, (iv) Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the class, (v) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class, and (vi) resolution of the claims in this Litigation by way of a settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. Accordingly, the Court preliminarily finds that it will likely be able to certify the Settlement Class, which is defined as "all persons who purchased (other than from resale) or otherwise obtained a Class Refrigerator within the United States and its territories from Defendant or its authorized resellers."

    Excluded from the Settlement Class are (i) officers, directors, and employees of Whirlpool or its parents, subsidiaries, or affiliates, (ii) attorneys appearing in this case and their household members, (iii) insurers of Settlement Class Members, (iv) subrogees or all entities claiming to be subrogated to the rights of a Class Refrigerator purchaser, a Class Refrigerator owner, or a Settlement Class Member, (v) issuers or providers of extended warranties or service contracts for Class Refrigerators, and (vii) persons who timely and validly exercise their right to be removed from the Settlement Class.

4.     For settlement purposes only, the Court hereby preliminarily approves the appointment of Named Plaintiffs Nancy Paperno and Robert Gibbany as representatives of the Settlement Class.

5.     For settlement purposes only, the Court hereby preliminarily approves the appointment of the following attorneys as Class Counsel: Keller Rohrback L.L.P., Rogers, Patrick, Westbrook & Brickman, LLC, and Kenneth Behrman.

6.     A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 10:00 a.m. on _____, 2024 before the Honorable Rita F. Lin, United States District Judge for the Northern District of California, at the United Sates Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, to determine, among other things whether (i) final approval of the Settlement Agreement should be granted and (ii) Class Counsel's application for attorneys' fees and expenses and a Service Award to each of the Named Plaintiffs should be granted. No later than 56 days after entry of this Order, Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses, which shall be posted on the Settlement Website. No later than 105 days after entry of this Order, the Settlement Administrator must file a list of all exclusions from the Class, and Plaintiffs must file the papers in support of Final Approval, including the memorandum in support of Final Approval and response to any objections, as well as their reply, if any, in support of the Fee Application.

7.     The Court approves the Class Notice in the Settlement Agreement, including the manner and content of the Postcard Notice, Publication Notice and Long-Form Notice attached as Exhibits 3, 5, and 6 to the Settlement Agreement and the creation of the Settlement Website, as more fully described in the Settlement Agreement. The Court finds that this is the best practicable Class Notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this litigation, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process and Fed. R. Civ. P. 23.

8. Pursuant to the Settlement Agreement, the parties have selected Angeion Group, LLC as Settlement Administrator to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. The Settlement Administrator shall use the data regarding the Settlement Class Members solely for the purposes of meeting its obligations as Settlement Administrator and for no other purpose.

9. Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator to the address provided in the Class Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than 91 days following entry of this Order. Each Settlement Class Member wishing to be excluded must request from the Settlement Administrator a Request for Exclusion where the Settlement Class Member shall include their name, email address, mailing address, mobile phone number together with the model number and serial number of their Class Refrigerator. To be valid, the Request for Exclusion must include all of the information listed above, must be individually signed by each Settlement Class Member wishing to be excluded and must be submitted to the Settlement Administrator individually.  Mass or class opt outs shall not be allowed. If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely-written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation.

10. Any Settlement Class Member who wishes to appear to oppose the reasonableness or fairness of the Settlement at the Fairness Hearing must file with the Court an objection in writing, stating the basis of the objection.  Objections must also be served on Class Counsel and counsel for Whirlpool by the stated deadline. Any objections must include (i) the Settlement Class Member's full name and current address and telephone number; (ii) the model number and serial number of the Class Refrigerator the Settlement Class Member owns or owned; (iii) a description of all of the Settlement Class Member's objections, the specific reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (iv) the Class Member's signature. The Court will require only substantial compliance with the foregoing requirements.

[Proposed] Order Granting Preliminary Approval of Class Action Settlement - 4
Case No. 23-CV-05114

11. Settlement Class Members submitting objections who wish to appear either personally or through counsel at the Fairness Hearing and present their objections to the Court orally must include a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Notice. Only Settlement Class Members who specify in their objections that they intend to appear personally or through counsel at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Settlement Class Members who do not submit timely written objections will not be permitted to present their objections at the Fairness Hearing, subject to the Court's discretion.

12. Any Settlement Class Member who does not object by the timely filing and delivery of an objection (pursuant to the procedures set forth in the Notice) to the Court and to counsel for the Parties, shall be deemed to have waived, and shall forever be foreclosed from raising, any objection to the Settlement, subject to the Court's discretion to excuse the requirement of filing a written objection upon a showing of good cause.

13. All Notices to Class Counsel shall be sent to Class Counsel, c/o:

Laura R. Gerber
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3052
(206) 623-1900

and

James C. Bradley
ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Post Office Box 1007
Mount Pleasant, South Carolina 29465
(843) 727-6500

All Notices to Defendant shall be sent to Defendant's Counsel, c/o:

Andrew M. Unthank
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
(303) 244-1800

14. All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby barred from directly or indirectly filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction

based on the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims (as that term is defined in the Settlement Agreement).

15. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions in the litigation existing as of October 29, 2024, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

16. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

17. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

IT IS SO ORDERED.

Dated: October __, 2024

_____
Hon. Rita F. Lin
United States District Judge

[Proposed] Order Granting Preliminary Approval of Class Action Settlement - 6
Case No. 23-CV-05114