# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY PAPERNO, et al., | Case No. 3:23-cv-05114-RFL |
| Plaintiffs, | **FINAL APPROVAL ORDER** |
| v. | Judge:    Hon. Rita F. Lin |
| WHIRLPOOL CORPORATION, | |
| Defendant. | |

This matter having come before the Court for hearing pursuant to approval of the settlement set forth in the Amended Class Action Settlement Agreement and Release ("Settlement Agreement"), and due to adequate notice having been given to the Settlement Class Members, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is **ORDERED**, **ADJUDGED**, **AND DECREED THAT**:

1.  This Final Approval Order incorporates by reference the reasoning stated on the record at the Final Approval Hearing and the definitions in the Settlement Agreement. All capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.  This Court has jurisdiction over the subject matter of the Litigation and over all the parties to the Litigation.

3. For purposes of settlement only, the parties have stipulated to certification under Federal Rule of Civil Procedure 23 of the Settlement Class, defined as all Settlement Class Members who do not request exclusion from the Settlement and meet the following criteria: "all persons who purchased (other than from resale) or otherwise obtained a Class Refrigerator for personal or household use within the United States and its territories from Defendant or its authorized resellers."

Excluded from the Settlement Class are (i) officers, directors, and employees of Whirlpool Corporation or its parents, subsidiaries, or affiliates, (ii) attorneys appearing in this case and their household members, (iii) insurers of Settlement Class Members, (iv) subrogees or all entities claiming to be subrogated to the rights of a Class Refrigerator purchaser, a Class Refrigerator owner, or a Settlement Class Member, (v) issuers or providers of extended warranties or service contracts for Class Refrigerators, (vii) persons who timely and validly exercise their right to be removed from the Settlement Class, and (viii) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family.

4. <u>Certification</u>. As to the Settlement Class, the Court finds that the class action prerequisites of Fed. R. Civ. P. 23(a) have been satisfied. Specifically, the Court finds that (i) the class is so numerous that joinder would be impractical, (ii) common questions of law and fact exist as to the class, (iii) that the claims or defenses of the Settlement Class Representatives are typical of the claims or defenses of the class, and (iv) that the Settlement Class Representatives will fairly and adequately protect the interests of the class. As to the Settlement Class, the Court also finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Because all the class certification requirements of Fed. R. Civ. P. 23 have been met as to the Settlement Class, the Court certifies the Settlement Class for purposes of this Settlement.

5. The Court appoints Keller Rohrback L.L.P., Rogers, Patrick, Westbrook & Brickman, LLC, and Kenneth Behrman as Class Counsel for the Settlement Class, and Nancy Paperno and Robert Gibbany as class representatives for the Settlement Class.

6. The Class Notice provided to the Settlement Class conforms with the requirements of Fed. R. Civ. P. 23, the United States Constitution, and any other applicable law, and constitutes the best notice practicable under the circumstances by providing individual notice to all Settlement Class Members who could be identified through reasonable effort and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The Class Notice fully satisfied the requirements of Due Process.

7. The Court received two written objections. The Court finds that the objectors substantially complied with the Court's requirements set forth in the Preliminary Approval Order for submitting objections in writing. *See* ECF No. 78 ¶ 12. The objections to the Settlement do not provide a basis for rejecting the Settlement, for the reasons explained on the record at the Final Approval Hearing, and are hereby overruled.

8. A list of Settlement Class Members who timely requested exclusion is attached hereto as Exhibit A.

9. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

10. This Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The consideration provided for in the Settlement Agreement constitutes fair value given in exchange for the release of claims against the Released Persons. The Court finds that the consideration to be paid or provided to Settlement Class Members is reasonable and in the best interests of the Settlement Class considering the disputed facts and circumstances of and affirmative defenses asserted in the Litigation and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's length negotiations between the parties, including negotiations presided over by mediator Hunter R. Hughes III, support this finding. The Court finds that these facts demonstrate that

there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

11. The Court has specifically considered the factors relevant to class settlement approval as required by Fed. R. Civ. P. 23(e)(2) including, *inter alia*, whether the Settlement Class Representatives and Class Counsel have adequately represented the Settlement Class; whether the settlement was negotiated at arm's length; the relief provided to the Settlement Class, taking into account the costs, risks and delay of trial and appeal, the effectiveness of distributing payments to Settlement Class Members; the terms of the proposed attorneys' fees, including timing of payment, and any agreements required to be identified under Fed. R. Civ. P. 23(e)(3); and whether the proposal treats class members equitably relative to one another—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

12. Accordingly, the Settlement is hereby finally approved in all respects, and the parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

13. The terms of the Settlement Agreement, as modified by the Preliminary Approval Order ¶¶ 9 and 10, and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Settlement Class Representatives and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns.

14. The Released Claims and Releasees, which are set forth in Sections I and IX of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the Effective Date. Upon the Effective Date, the Settlement Class Members (except the excluded individuals referenced in Exhibit 1 of this Order) shall have, by operation of the Final Order, be deemed to have forever released, acquitted, and discharged Releasees from all manner of actions, causes of action, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities for economic loss, in law or in equity, whether now known or unknown, contingent or absolute, including all claims that Plaintiffs or Settlement Class Members now have or, absent this Agreement, may in the future have had, against Releasees, by reason of any acts, omissions,

harms, matters, causes, or events whatsoever that have occurred from the beginning of time up to and including October 29, 2024, and that arise from or relate to any of the defects, malfunctions, or inadequacies of the Class Refrigerators that are alleged or could have been alleged in the Lawsuit arising out of or relating to a Frost Clog Issue, including without limitation all claims for out-of-pocket expense, diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, statutory, or premium-price damages or restitution.

15. Furthermore, Settlement Class Representatives and all Settlement Class Members hereby release all future injuries, damages, losses or future consequences or results, excluding any future injury to person or to property other than the Class Refrigerator itself and including a release and waiver of all rights, causes of action, claims and lawsuit against the Releasees that may exist or arise in the future because of such future injuries, damages, losses, or future consequences or results of known or unknown injuries arising out of or relating to frost and ice buildup, failure of the defrost heating system, and/or failure of the dual evaporator cooling system, featuring those parts that are alleged to have the potential to result in a Frost Clog Issue.

16. Upon entry of this Order, the claims process and compensation to Settlement Class Members shall be effected pursuant to the terms of the Settlement.

17. As to Class Counsel's application for attorneys' fees, expenses, and service awards, the Court hereby **GRANTS** Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards, ECF No. 85.

18. The Court finds that Settlement Class Members have received due and adequate notice concerning the attorneys' fees, reimbursement of expenses, and service awards sought by Class Counsel and the Settlement Class Representatives.

19. No Settlement Class Member has objected to the attorneys' fees, expenses, and service awards sought by Class Counsel.  Class Counsel disclosed an email received from an individual who commented on the amount of fees requested, but is not a Settlement Class Member and did not provide a specific reason for finding the requested fees unreasonable.  That comment does not provide a basis for rejecting the attorneys' fees request.

20.  In addition to any recovery that the Settlement Class Representatives may receive under the Settlement, and in recognition of their efforts and risks taken on behalf of the Settlement Class, the Court hereby approves the payment of Service Awards to Nancy Paperno and Robert Gibbany in the amount of $5,000 per person, or $10,000 total.

21.  The Court approves the payment of attorneys' fees to Class Counsel in the sum of $1,028,286.27, and the reimbursement of litigation expenses in the sum of $121,713.73.

22.  The Court approves and orders that Defendant Whirlpool Corporation make payment to Angeion Group, LLC for the reasonable amounts incurred for performance of its settlement claims administration services.

23.  The following chart lists all dates relating to the administration of the Settlement:

| EVENT | DEADLINE |
| --- | --- |
| The Court held the Fairness Hearing. | May 13, 2025, at 1:30 p.m. |
| Claims Deadline: All claims by Settlement Class Members to the Settlement Administrator for benefits, except Post-Notice Claims, shall be postmarked by the U.S. Postal Service (in the case of mailed Claim Forms) or received (in the case of electronic Claim Forms). | June 18, 2025 |
| Before denying any claim on the basis of insufficient documentary proof, the Settlement Administrator shall send, by email if available or first-class United States Mail if email is not available, a written Notice of Claim Deficiency to Claimants, identifying the insufficient proof that may cause the claim to be denied. Such notices will include instructions as to how Claimants may cure any deficiencies. Claimants will have 30 days to respond to the deficiency email notice. | July 1, 2025 |
| After the 30-day response deadline for Claimants to cure their deficiencies has passed, the Settlement Administrator will update the submitted claims data accordingly based on responses received and will provide | September 1, 2025 |

Final Approval Order - 6
Case No. 23-CV-05114

| EVENT | DEADLINE |
|---|---|
| initial distributions calculations to Class Counsel. | |
| If the distribution calculations are finalized no later than October 1, 2025, the Past Frost Clog Issue Claim distribution payments will be issued to Settlement Class Members via the payment method elected by Settlement Class Members. | October 31, 2025 |
| Class Counsel shall file Post-Distribution Accounting after the pre-Notice claims have been paid, using the Court's Post-Distribution Accounting Form. The Court will order ninety percent of Class Counsel's awarded attorneys' fees to be paid upon Final Approval, and ten percent of Class Counsel's awarded attorneys' fees shall remain in the trust fund until after Class Counsel files the necessary Post-Distribution Accounting. With the Post-Distribution Accounting, Class Counsel shall submit a proposed order releasing the remainder of the fees. | 21 days after settlement funds have been fully distributed to those Settlement Class Members who submitted Past Frost Clog Issue Claims by the June 18, 2025 Claim Deadline |
| The Settlement Administrator will continue to accept, process, and pay Post-Notice Frost Clog Issue Claims up through the last qualifying date of December 31, 2028. | December 31, 2028 |

| EVENT | DEADLINE |
|---|---|
| Defendant shall pay attorneys' fees, costs, and service awards "within 30 days after the Effective Date." ECF No. 74-2 § VIII.C. The Settlement Agreement defines the Effective Date as "the first date that is three business days after all of the following have occurred: (i) the Court has entered an order granting final approval of the Settlement Agreement in accordance with the terms of this Agreement; (ii) the time for any challenge to the Settlement, both in the Court and on appeal, has elapsed; and (iii) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected." *Id.* § I.N. | 30 days after the Effective Date, as defined in the Settlement Agreement |

**IT IS SO ORDERED.**

Dated:  May 13, 2025

_____
HON. RITA F. LIN
United States District Judge